UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHERYL WILLIAMS,                          )
                                          )
             Plaintiff,                   )
                                          )       No. 09 C 6554
       v.                                 )
                                          )       Judge John W. Darrah
REPUBLIC RECOVERY SERVICES, INC.; and     )
GMAC, INC.,                               )
                                          )
             Defendants.                  )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Cheryl Williams, brought suit against Defendants, Republic Recovery Service,

Inc. ("RRS") and GMAC, Inc., based on RRS's attempt to repossess a car that Plaintiff had

bought with financing from GMAC. Plaintiff's First Amended Complaint alleges a violation of

the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA"), against RRS

(Count I), a violation of 810 ILCS 5/9-609(b)(2) against RRS (Count II) and negligence against

GMAC (Count III). Before the Court are Defendants' motions to dismiss.

## BACKGROUND

The following facts are taken from Plaintiff's First Amended Complaint and are

presumed to be true for purposes of the pending motions.

On or about February 17, 2007, Plaintiff received a vehicle purchase loan from GMAC to

purchase an automobile. Prior to September 2009, Plaintiff became delinquent on the loan.

GMAC authorized RRS to repossess the vehicle.

An employee of RRS, known to Plaintiff as Mr. Fitzgerald, contacted Plaintiff in an

attempt to repossess the vehicle. Fitzgerald spoke to Plaintiff in an abusive and harassing

manner. He threatened Plaintiff with arrest and jail if she did not immediately surrender the vehicle. Fitzgerald also went to Plaintiff's place of employment for the purpose of harassing and embarrassing Plaintiff. Fitzgerald threatened to return to Plaintiff's place of employment to further embarrass her. Fitzgerald also told Plaintiff's supervisor that Plaintiff had committed fraud.

As a result of Fitzgerald's conduct, Plaintiff suffered injuries, including aggravation of a preexisting medical condition, medical expenses, anxiety, embarrassment and emotional and physical harm.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, the complaint must describe the claim in sufficient detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 127 S. Ct. 1955, 1964 (2007) (*Bell Atlantic*) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic*, 550 U.S. 544, 127 S. Ct. at 1965, 1973 n. 14)).

**ANALYSIS**

*Judicial Estoppel*

Defendants argue that Plaintiff's failure to disclose her claims in her bankruptcy filing mean that Plaintiff's claims are now barred by judicial estoppel. Plaintiff filed for bankruptcy on September 29, 2009. At that time, in her Chapter 13 petition, Plaintiff submitted a sworn statement reporting that she had no contingent or unliquidated claims of any nature. Approximately three weeks later, on October 19, 2009, Plaintiff filed her initial Complaint against RRS. Plaintiff filed a modified Chapter 13 plan, on November 5, 2009, which did not mention Plaintiff's claims against RRS. The bankruptcy court confirmed Plaintiff's proposed Chapter 13 plan on November 11, 2009.

The doctrine of judicial estoppel "protect[s] the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (*New Hampshire*) (internal quotations and citations omitted). For judicial estoppel to apply, the party's former and current positions must be "clearly inconsistent." *Id.* at 750. A second factor is "whether the party has succeeded in persuading a court to accept that party's earlier position." *Id.* Finally, "[a] third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.*

Defendants point to the Seventh Circuit's decision in *Cannon-Stokes v. Potter*, 453 F.3d 446 (7th Cir. 2006) (*Cannon-Stokes*), to support their judicial estoppel argument. In *Cannon-Stokes*, the plaintiff, after the conclusion of her bankruptcy, brought suit against her employer. *Id.* at 447. The defendant moved to dismiss based on the plaintiff's failure to disclose the claim

3

in bankruptcy proceedings. *Id.* The court held that judicial estoppel barred the plaintiff's claim. *Id.* at 449.

Plaintiff distinguishes her case from *Cannon-Stokes* in that her bankruptcy has not yet ended. Furthermore, Plaintiff argues, unlike the plaintiff in *Cannon-Stokes*, she is not attempting to hide an asset from her creditors. In support of both these points, Plaintiff points out that she has filed a motion in the bankruptcy court to modify her plan to add her claims against Defendants.

Defendants argue that Plaintiff's lack of intent to conceal assets and her attempt to belatedly disclose her claims are immaterial. Defendants read *Cannon-Stokes* to call for the application of an inflexible rule barring non-disclosed claims: an undisclosed claim is forever barred; a plaintiff's subjective intent is irrelevant.

A close reading of *Canon-Stokes* does not support Defendants' position. Indeed, the court examined the plaintiff's actions as to whether the plaintiff was "making an honest attempt to pay her debts." *Id.* at 448. The court concluded that the plaintiff was not making such an effort because she had not moved to reopen the bankruptcy. *Id.* Furthermore, the court found that the plaintiff had contradicted herself at various points with regards to the circumstances that led to the omission of her claims from her bankruptcy petition. *Id.* at 449. This led the court to conclusively label the plaintiff's actions "bankruptcy fraud." *Id.* Thus, contrary to Defendants' reading of the case, *Cannon-Stokes* does not call for a *per se* rule permanently barring recovery on all omitted claims, even those that were inadvertently left off and subsequently added.

Judicial estoppel is an equitable doctrine, *see New Hampshire*, 532 U.S. at 750, and there is little to be gained from application of a *per se* rule. Defendants argue that a strictly enforced

4

rule barring undisclosed claims will discourage debtors from concealing claims from the bankruptcy court. But such a rule would also needlessly punish those debtors who fail to disclose claims due to mistake, misunderstanding or ignorance of the law. Furthermore, it is unclear that the strict rule advanced by Defendants would result in a lower level of fraud. Plaintiff has gained nothing by omitting her claim; she will be allowed to proceed on it only after amending her bankruptcy petition.

Therefore, assuming that Plaintiff will amend her bankruptcy petition, the Court declines to dismiss the Plaintiff's claims on the grounds of judicial estoppel.

### FDCPA Claim - Count I

RRS argues that Plaintiff has failed to allege a claim under the FDCPA. RRS argues that, as a repossession agency, it can only be liable under § 1692f(6) of the FDCPA. This is because § 1692a(6) defines the term "debt collector" to exclude repossession agencies, except with respect to § 1692f(6). *See Nadalin v. Automobile Recovery Bureau, Inc.*, 169 F.3d 1084, 1085 (7th Cir. 1999). Plaintiff does not dispute the contention that RRS's only potential liability under the FDCPA is under § 1692f(6).

Section 1692f(6) provides that "Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property" is a violation of § 1692f if:

> "(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
> (B) there is no present intention to take possession of the property; or
> (C) the property is exempt by law from such dispossession or disablement."

15 U.S.C. § 1692f(6). Plaintiff argues that RRS's actions violated subsection (A) because there was no present right to possession of the vehicle. Plaintiff argues that the right to possession

turns on the Illinois Uniform Commercial Code, specifically, 810 ILCS 5/9-609 ("§ 9-609").

That section provides:

> (a) Possession; rendering equipment unusable; disposition on debtor's premises.
> After default, a secured party:
> > (1) may take possession of the collateral; and
> > (2) without removal, may render equipment unusable and dispose of
> > collateral on a debtor's premises under Section 9-610.
> (b) Judicial and nonjudicial process. A secured party may proceed under
> subsection (a):
> > (1) pursuant to judicial process; or
> > (2) without judicial process, if it proceeds without breach of the peace.

810 ILCS 5/9-609. Plaintiff essentially argues that under § 9-609, unless acting pursuant to

judicial process, a party may not take possession of the collateral if a breach of the peace occurs.

Therefore, if a breach of the peace has occurred, there is no right to possession on the collateral.

Here, Plaintiff claims Fitzgerald's conduct was a breach of the peace. Therefore, under § 9-609,

there was no present right to possession; and, therefore, under § 1692f(6), because there was no

present right to possession, Fitzgerald's threats to take nonjudicial actions violated § 1692f.

RRS first responds that there can be no violation of § 1692f(6) because no repossession

actually occurred. However, RRS cites no authority for the proposition that only actual

repossession, and not merely the attempt, can violate § 1692f(6). Indeed, the language of the

statute would seem to rule out this interpretation: not only taking nonjudicial action but also

*threatening* nonjudicial action violates the section. Additionally, § 1692f(6) applies where "there

is no present intention to take possession of the property." Furthermore, the case law does not

support RRS's argument that actual repossession is a prerequisite for liability under § 1692f. *See*

*Fleming-Dudley v. Legal Investigations, Inc.*, 2007 WL 952026, at *5 (N.D. Ill. March 22, 2007)

(plaintiff who alleged defendant breached peace while attempting to repossess plaintiff's truck stated claim under § 1692f(6)).

RRS next argues that the Amended Complaint is lacking sufficient factual allegations to support Plaintiff's claim. This argument is not convincing. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Here, Plaintiff has alleged that RRS's agent, Fitzgerald, went to Plaintiff's place of employment, harassed and embarrassed Plaintiff, threatened to return to do so again, threatened Plaintiff with arrest and jail and used abusive language. RRS's suggestion that the Amended Complaint is deficient because it fails to identify witnesses to Fitzgerald's conduct by name or give the exact location where the incident occurred is meritless. The level of detail provided in the Amended Complaint is more than sufficient to put RRS on notice as to the nature of Plaintiff's claims.

Finally, RRS argues that Plaintiff's allegations, as a matter of law, do not amount to a breach of the peace. RRS did not raise this argument until its reply brief. It is therefore waived.

Therefore, RRS's motion to dismiss is denied with respect to Count I.

### 810 ILCS 5/9-609 - Count II

In Count II, Plaintiff alleges that RRS violated § 9-609 by breaching the peace while attempting to repossess Plaintiff's vehicle. RRS's arguments with respect to Count II are indistinguishable from those made with respect Count I and are rejected for the same reasons. Therefore, RRS's motion to dismiss is denied with respect to Count II.

### Negligence - Count III

Plaintiff's Count III, which is brought solely against GMAC, alleges that GMAC was negligent in failing to use reasonable care in selecting RRS to perform its collection activities.

7

GMAC initially argues that Count III should be dismissed as *res judicata* because Plaintiff failed to raise it before the bankruptcy court. GMAC cites *In re Ross*, 162 B.R. 785, 789 (Bkrtcy. N.D. Ill. 1993), for the proposition that "a confirmation order is *res judicata* as to all issues decided or which could have been decided at the hearing on confirmation." The flaw in GMAC's argument is that Plaintiff's civil suit against GMAC is not a matter that could have been litigated in bankruptcy court. Apparently recognizing this, GMAC abandons the argument in its reply.

GMAC next argues that Plaintiff has not stated a claim for negligence because Plaintiff has failed to allege that GMAC owed Plaintiff a duty. "To state a cause of action for negligence, a complaint must allege facts that establish the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Marshall v. Burger King Corp.*, 222 Ill.2d 422,430 (2006). A duty exists where "defendant and plaintiff[] stood in such a relationship to each other that the law imposed upon defendant an obligation of reasonable conduct for the benefit of plaintiff[]." *Happel v. Wal-Mart Stores, Inc.*, 199 Ill.2d 179, 186 (2002).

Plaintiff admits that she has not alleged a duty, as is required to state a common-law negligence claim. Plaintiff asks for an opportunity to file an amended complaint to remedy the omission. That request will be granted.

**CONCLUSION**

For the foregoing reasons, RRS's motion to dismiss is denied. GMAC's motion to dismiss is granted. Plaintiff is given fourteen days from the entry of this order to file an amended complaint if she can do so consistent with Rule 11.

Dated: 5/27/10

JOHN W. DARRAH
United States District Court Judge