UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHERYL WILLIAMS, a/k/a CHERYL HAMMONDS,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>REPUBLIC RECOVERY SERVICE, INC.  )<br>and GMAC INC.,  )<br>)<br>Defendants.  ) | Case No.: 09-cv-6554<br><br>Hon. John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Cheryl Hammonds, has filed a second-amended two-count complaint against the Defendants, Republic Recovery Service, Inc. ("Republic") and GMAC Inc. ("GMAC"). GMAC has filed a motion to dismiss for failure to state a claim as to Count II of the Second Amended Complaint, which alleges that Republic, allegedly acting as GMAC's agent, breached the peace during Republic's attempted repossession of Hammonds' automobile.

### BACKGROUND

The following is based on the allegations of the Second Amended Complaint, which only for the purposes of resolving the issues presented in Defendant's motion are taken as true.

In February 2007, Hammonds took out a vehicle purchase loan from GMAC to purchase an automobile. Before September 2009, Hammonds became delinquent on the loan. GMAC authorized Republic to begin collection actions and to repossess Hammonds' vehicle.

A Republic employee, "Mr. Fitzgerald," attempted to repossess Hammonds' vehicle. During Fitzgerald's attempted repossession, Hammonds alleges that Fitzgerald: (1) refused to give his full name, (2) went to Hammonds' place of employment for the purpose of harassment and embarrassment and threatened to return, (3) told Hammonds' supervisor that Hammonds had committed fraud, (4) threatened Hammonds with arrest if Hammonds did not immediately surrender the vehicle, (5) threatened Hammonds with jail time if she did not immediately surrender the vehicle, and (6) used abusive language and spoke to Hammonds in a harassing manner. Hammonds does not allege that the automobile was ever repossessed.

**LEGAL STANARD**

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. County of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plaint statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id.* However, a complaint

2

must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*Ashcroft*). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 129 S. Ct. at 1949. Further, the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Village of Lemont*, 520 F. 3d 797, 803 (7th Cir. 2008).

Additionally, determining whether a complaint should survive a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 129 S. Ct. at 1950. To survive a motion to dismiss, the well-pleaded facts of the complaint must allow the court to infer more than the mere possibility of misconduct. *Id.*

## ANALYSIS

GMAC's motion asserts two reasons why Hammonds' Count II, alleging a violation of 810 ILCS 5/9-609(b)(2), should be dismissed: (1) Hammonds cannot show that GMAC or Republic ever repossessed the automobile, and that provision cannot be violated during an aborted repossession attempt; and (2) Republic is an independent contractor, and therefore GMAC is not responsible for Republic's actions.

810 ILCS 5/9-609 states:

> (a) Possession . . . After default, a secured party:
> (1) may take possession of the collateral; and
> (2) without removal, may render equipment unusable and dispose of collateral on a debtor's premises under Section 9-610.
> (b) Judicial and nonjudicial process. A secured party may proceed under subsection (a):
> (1) pursuant to judicial process; or
> (2) without judicial process, if it proceeds without breach of the peace.

810 ILCS 5/9-609.

GMAC cites seven cases in support of its assertion that a violation of 810 ILCS 5/9-609 requires an actual repossession. In six of these cases the automobile was actually repossessed. None of these six cases hold that 810 ILCS 5/9-609 can only be violated when the automobile is successfully repossessed.[1] In the seventh case, *Bryant v. Cook County Investigators*, 2010 U.S. Dist. LEXIS 38818 (N.D. Ill. April 15, 2010) ("*Bryant*"), there was not a completed repossession of the debtor's vehicle, and this Court held that 810 ILCS 5/9-609 had not been violated.

In *Bryant*, Bryant filed a complaint against Cook County Investigators ("CCI") alleging that CCI violated 810 ILCS 5/9-609 when they attempted to repossess her vehicle. *Bryant*, 2010 U.S. Dist. LEXIS 38818, at *1. In August 2008, Bryant defaulted on an auto loan that she had obtained from HSBC. *Id.* at 2. In October 2008, Bryant discovered that her car was missing from her residence and assumed that the vehicle had been repossessed. *Id.* From February 2009 to April 2009, Bryant began receiving calls

---

[1] These cases are: (1) *Fleming-Dudley v. Legal Investigations, Inc.*, 2007 WL 952026 (N.D. Ill. March, 22, 2007); (2) *Love v. O'Connor Chevrolet, Inc.*, 2006 WL 2460581 (N.D. Ill. Aug. 21, 2006); (3) *Pantoja-Cahue v. Ford Motor Credit Co.*, 375 Ill. App. 3d 49 (1st Dist. 2007); (4) *Johnson v. Grossinger Motorcorp, Inc.*, 324 Ill. App. 3d 354 (1st Dist. 2001); (5) *Chrysler Credit Corp. v. Koontz*, 277 Ill. App. 3d 1078 (5th Dist. 1996); and (6) *Dixon v. Ford Motor Credit Co.*, 72 Ill. App. 3d 983 (1st Dist. 1979).

4

from CCI, and these calls formed Bryant's cause of action for her 810 ILCS 5/9-609 claim. *Id.*

> In granting CCI's motion to dismiss for failure to state a claim, this Court held:
>
> In this case, Bryant alleges that the phone calls made by Defendants were collection calls. However, Bryant never alleges any facts that these collection calls were attempts to repossess the vehicle. Rather, during the time that Bryant received these collection calls, Bryant believed that her car had already been repossessed. Accordingly, because Bryant has failed to allege any facts that would suggest the collection calls were an attempt to repossess the car and because Bryant alleges that the car had been repossessed two months before the calls began, 810 ILCS 5/9-609(b)(2) could not have been violated because there was *no attempt to repossess the vehicle not then in Bryant's possession.*

*Id.* at 6-7 (emphasis added).

This case did not hold, as suggested by GMAC, that before 810 ILCS 5/9-609(b)(2) could be violated, the secured collateral must actually be repossessed.

GMAC next argues that the plain language of 810 ILCS 5/9-609 requires a repossessor to take possession of the vehicle before that statute is violated and that it was not intended to apply to the situation where repossession is abandoned and a potentially violent confrontation with the debtor is avoided.

GMAC fails to address Plaintiff's claim here that the repossessor breached the peace, continued to attempt to repossess the vehicle after a breach of the peace but failed to successfully repossess the vehicle. In that case, 810 ILCS 5/9-609(b)(2) is violated. 810 ILCS 5/9-609 does not require that the repossessor actually repossess the vehicle before the statute is violated. Rather, the plain meaning provides that a secured party may take possession of the collateral "without judicial process if it *proceeds* without a breach of the peace." 810 ILCS 5/9-609(b)(2) (emphasis added). Therefore, the repossessor does not need to successfully repossess the vehicle before 810 ILCS

5

5/9-609(b)(2) is implicated[2]; rather, the repossessor must use a procedure to do so that does not involve a breach of the peace.

GMAC next argues that debtors who suffer harm during an attempted repossession should be required to plead the appropriate tort. However, 810 ILCS 5/9-625 is supplemented by principles of tort law, and allow recovery for tort like claims. 810 ILCS 5/9-625 Official Comment 3 states:

> . . . Damages for violation of the requirements of this Article, including Section 9-609, are those reasonably calculated to put an eligible claimant in the position that it would have occupied had no violation occurred. See Section 1-106. Subsection (b) supports the recovery of actual damages for committing a breach of the peace in violation of Section 9-609, and *principles of tort law supplement this subsection.* See Section 1-103. However, to the extent that damages in tort compensate the debtor for the same loss dealt with by this Article, the debtor should be entitled to only one recovery.

810 ILCS 5/9-625 Official Comment 3 (emphasis added).

Accordingly, because principles of tort law supplement 810 ILCS 5/9-625, a debtor is not required to plead a separate tort action to recover damages incurred during the repossession attempt.

GMAC next asserts that Republic is an independent contractor and GMAC should therefore not be responsible for Republic's actions. 810 ILCS 5/9-609 Official Comment 3 states:

> . . . In considering whether a secured party has engaged in a breach of the peace, however, courts should hold the secured party responsible for the actions of others taken on the secured party's behalf, including independent contractors engaged by the secured party to take possession of collateral.

---

[2] Republic made similar arguments that actual repossession must occur before 810 ILCS 5/9-609(b)(2) is violated. This Court rejected that argument earlier in this case. *See* Order, May 27, 2010.

810 ILCS 5/9-609 Official Comment 3.

Accordingly, the fact that Republic is an independent contractor will not shield GMAC from liability for violations of 810 ILCS 5/9-609.

## CONCLUSION

For the foregoing reasons, GMAC's motion to dismiss for failure to state a claim is denied.

Date: 9-16-10

JOHN W. DARRAH
United States District Court Judge